UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAWN BODENNER, MELANIE BOYCE,
ELIZABETH and ANDREW DOMINGUEZ
INDIVIDUALLY and as NBF OF ABEL
DOMINGUEZ, a minor, and ELIZABETH
GILMAN,
         Plaintiffs,
v.                                                                     Civ. No. 12-0601 MV/ACT

CHASE MARTIN, KRIS SWEENEY, and
STATE FARM INSURANCE COMPANY,
         Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants State Farm and Kris Sweeney's Motion to Dismiss Claims Against Kris Sweeney ("Motion to Dismiss Sweeney Claims") [Doc. 3]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion to Dismiss Sweeney Claims is well taken and shall be granted.

**BACKGROUND**[1]

On April 24, 2012, Plaintiffs filed their Complaint in the First Judicial District, County of Santa Fe, State of New Mexico, alleging five counts: (1) bad faith claims handling and bad faith refusal to pay medical payments coverage benefits, (2) breach of fiduciary duties under the covenant of good faith and fair dealing, (3) unfair and deceptive business practices in violation of the Trade Practices and Frauds Act (TPFA), N.M. Stat. Ann. § 59A-16-20, (4) invasion of privacy, and (5) breach of contract. The subject matter of all of these counts arises out of Defendant State Farm's handling and processing of Plaintiffs' claims for medical payments benefits for injuries

---

[1] The following facts are undisputed.

Plaintiffs sustained in four separate automobile accidents.

Plaintiffs Dawn Bodenner, Elizabeth Gilman, Elizabeth Dominguez, Andrew Dominguez, and Abel Dominguez are residents of the State of New Mexico, and Plaintiff Melanie Boyce is a resident of the State of California. *See* Compl., attached as Exh. A to Notice of Removal, ¶¶ 1-6. Defendant State Farm is a foreign insurance company with its principal place of business in Bloomington, Illinois, Defendant Chase Martin is a resident of Colorado, and Defendant Kris Sweeney is a resident of the State of New Mexico. *See id.* ¶¶ 7, 9; Aff. of C. Martin, attached as Exh. B to Notice of Removal, ¶ 1. Defendants removed this case based upon diversity of citizenship jurisdiction on the ground that Plaintiffs, who with the exception of Melanie Boyce are New Mexico residents, joined Defendant Sweeney, who also is a resident of New Mexico, fraudulently to defeat federal jurisdiction. *See* Notice of Removal, ¶¶ 17-19.

The only specific allegations in the Complaint that directly reference Defendant Sweeney are Paragraphs 9 and 143. Paragraph 9 alleges, "Defendant Kris Sweeney, on information and belief, is a New Mexico resident, the New Mexico manager of State Farm and is responsible for State Farm implementing . . . appropriate claims handling procedures in New Mexico." Compl., attached as Exh. A to Notice of Removal, ¶ 9. Paragraph 143 alleges, "On information and belief, State Farm continues to employ[] Sweeney and has thus ratified [her] misconduct." *Id.* ¶ 143.

In her affidavit, Defendant Sweeney attests that she is the "Auto Claims Section Manager for State Farm, and that in this capacity she oversee[s] handling of complex liability, uninsured motorist, and underinsured motorist claims in New Mexico." *See* Aff. of K. Sweeney, attached as Exh. D to Notice of Removal, ¶¶ 1, 2. Defendant Sweeney further attests that she does "not directly supervise or participate in the claims handling of medical payments coverage claims" and that she is "not responsible for the implementation of claims handling procedures for medical

2

payments coverage claims." *Id.* ¶ 2. Defendant Sweeney also indicates that she "did not supervise or participate in the claims handling or claims decision making process for any of the Plaintiffs' claims for medical payments coverage benefits," that "Plaintiffs' claims for medical payments coverage were investigated and handled by State Farm's medical payments coverage team," and that "[a]ll claims handlers for medical payments coverage work out of the State Farm claim's [sic] office located in Greenlee [sic], Colorado." *Id.* ¶ 4.

In his affidavit, Defendant Martin, a State Farm employee who works in the Greeley, Colorado office, attests, "All claims for medical payment coverage involving New Mexico insureds are handled out of the Greenlee [sic], Colorado claims office. This would include the medical payments coverage claims for each of the named Plaintiffs in this lawsuit." Aff. of C. Martin, attached as Exh. B to Notice of Removal, ¶ 3.

## **STANDARD**

When ruling on a Rule 12(b)(6) motion to dismiss, the district court must examine only the plaintiff's complaint and not matters outside of the complaint. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). "If matters outside of the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss." *Id.* The district court must provide the parties with notice prior to converting a Rule 12(b)(6) motion to dismiss to a motion for summary judgment. *See Blue Circle Cement, Inc. v. Bd. of County Comm'rs*, 27 F.3d 1499, 1503 (10th Cir. 1994).

Once a court converts a motion to dismiss to a motion for summary judgment, the standard for summary judgment set forth in Federal Rule of Civil Procedure 56(c) applies. Under that standard, summary judgment is appropriate "if the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993) (citations omitted). The moving party need not negate the nonmovant's claim, but rather must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 649 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be

4

drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

Defendants move to dismiss the claims against Defendant Sweeney on the ground that the complaint does not state a factual or legal claim against her. In support of their argument, Defendants point to the affidavits of Defendants Martin and Sweeney, which indicate that Defendant Sweeney did not directly supervise or participate in the claims handling of medical payments coverage claims and that Defendant Sweeney did not implement the policies or procedures regarding medical payments coverage claims. Because all of the allegations of misconduct in the Complaint arise from the purported mishandling of Plaintiffs' medical payments coverage claims, *see* Compl., attached as Exh. A. to Notice of Removal, ¶¶ 11, 16, 17, 18, 80, 84, 85, 100, 103, 104, 111, 114, 115], Defendants argue that there is no factual basis to support a claim against Defendant Sweeney under any of the five counts alleged in the Complaint.

Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court provided the parties with notice that it intended to treat the Motion to Dismiss Sweeney Claims as a motion for summary judgment and that it would consider the Sweeney and Martin affidavits in ruling on the motion. *See* Mem. Op. & Order, dated Nov. 30, 2012 [Doc. 33]. Although the Court provided Plaintiffs with the opportunity to present summary judgment

evidence in opposition to the affidavits, Plaintiffs declined to do so.[2]

The affidavits of Defendants Sweeney and Martin indicate that Plaintiffs' medical payments coverage claims were handled by personnel in the Greeley, Colorado claims office and that Defendant Sweeney played no role in the handling of those claims. Specifically, in her affidavit, Defendant Sweeney attests that she worked in the New Mexico State Farm office, that she was responsible for overseeing only automobile claims handling, and that she did not supervise or participate in the handling of any (including Plaintiffs') medical payments claims. *See* Aff. of K. Sweeney, attached as Exh. D. to Notice of Removal, ¶¶ 1, 2, 4. In his affidavit, Chase Martin likewise attests that "[a]ll claims for medical payment coverage involving New Mexico insureds are handled out of the Greenlee [sic], Colorado claims office" and that this includes the "medical payments coverage claims for each of the named Plaintiffs in this lawsuit." *See* Aff. of C. Martin, attached as Exh. B. to Notice of Removal, ¶ 3.

Plaintiffs have not refuted the evidentiary showing produced by Defendants. Rather, Plaintiffs only argue in conclusory form that because Defendant Sweeney was State Farm's Auto Claims Section Manager for the State of New Mexico, she was "responsible for State Farm's implementation of . . . auto claims handling policies and procedures within the state of New Mexico, including the proper processing and handling of medical payment coverage claims which Plaintiffs had purchased as part of their automobile insurance policies." Pls' Resp. to Defs' Mot. to Dismiss Sweeney Claims ("Resp."), ¶¶ 9, 10. This conclusory allegation, which is unsupported by any evidence, cannot refute the specific evidence produced by Defendants

---

[2] After providing the parties with notice that the Court intended to convert the Motion to Dismiss Sweeney Claims into a motion for summary judgment, the Court granted Plaintiffs fourteen days to present any additional evidence in opposition to summary judgment on the Sweeney claims. *See* Mem. Op. & Order, dated Nov. 30, 2012 [Doc. 33]. Plaintiffs failed to respond or identify any facts that controvert those presented in the Sweeney and Martin affidavits.

demonstrating that Ms. Sweeney had no involvement, direct or otherwise, in the processing of Plaintiffs' (or indeed any) medical payments coverage claims.  *Cf. Pueblo*, 847 F.2d at 649 (conclusory allegations cannot defeat summary judgment).

The Court holds that Plaintiffs have failed to satisfy their summary judgment burden of "go[ing] beyond the pleadings and by [their] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designat[ing] 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  Having determined that there is no genuine factual dispute for trial, the Court next must determine whether Defendants are entitled to judgment in their favor as a matter of law.  *Cf. Jenkins*, 81 F.3d at 990.

The undisputed evidence before the Court on summary judgment indicates that Defendant Sweeney did not directly supervise or participate in the claims handling of medical payments coverage claims for Plaintiffs or any other insureds.  The evidence also demonstrates that Defendant Sweeney did not implement the policies or procedures regarding medical payments coverage claim.  Because all five counts in the Complaint are premised on the purported mishandling of Plaintiffs' medical payments coverage claims, *see* Compl., attached as Exh. A. to Notice of Removal, ¶¶ 11, 16, 17, 18, 80, 84, 85, 100, 103, 104, 111, 114, 115], the claims necessarily must fail because no evidence indicates that Defendant Sweeney played a role, direct or indirect, in the processing of these claims.  Defendants therefore are entitled to summary judgment in their favor on the claims against Defendant Sweeney.

Plaintiffs' argument that they have a viable cause of action against Defendant Sweeney under the Trade Practices and Frauds Act (TPFA), N.M. Stat. Ann. § 59A-16-1 to 30, *see* Resp., ¶ 16, does not persuade the Court to hold otherwise.  In support of their contention, Plaintiffs cite *Martinez v. Cornejo*, 208 P.3d 443 (N.M. Ct. App.), *cert. denied*, 203 P.3d 870 (N.M. 2009).  In

*Martinez*, the New Mexico Court of Appeals held that a manger who was responsible for supervising a group of claims adjusters that had allegedly mishandled the plaintiffs' claims constituted an "insurer" within the meaning of the TPFA, and that a private right of action therefore existed against such a manager.  *See id.* at 445, 450.  Plaintiffs argue that they, like the plaintiffs in *Martinez*, have a viable claim against Defendant Sweeney because *Martinez* explicitly provides that a manager can be held liable for the acts of culpable subordinates.

*Martinez*, however, does not stand for the proposition that *any* manager can be held liable for a group of insurance adjusters regardless of whether the manager is responsible for supervising that particular group of adjusters.  The *Martinez* plaintiffs specifically alleged that the defendant-manager in question supervised the adjusters responsible for handling the plaintiffs' claims, and the defendant presented no evidence or argument that contradicted the plaintiffs' allegation.  *See id.* at 445.  In contrast, Defendants here have presented uncontroverted evidence that Defendant Sweeney played no role, direct or indirect, in the management or supervision of any of the adjusters responsible for handling the claims at issue.  As such, the court's decision in *Martinez* is distinguishable and does not persuade the Court to deny Defendants' motion.

The Court likewise is not persuaded by Plaintiffs' argument that they have a viable cause of action against Defendant Sweeney under the New Mexico law that prohibits disclosure of patient information outside of the presence of the patient or the patient's attorneys.  *See* Resp., ¶ 17 (citing *Smith v. Ashby*, 743 P.2d 114, 115 (N.M. 1987); *Church's Fried Chicken v. Hanson*, 845 P.2d 824 (N.M. Ct. App. 1993)).  Plaintiffs argue in conclusory fashion that Defendants or their "agents" "attempted to induce Plaintiffs' doctors to disclose their patients' confidential medical information outside of the presence of the patients or their attorneys."  *Id.*  Plaintiffs further contend that "[they] may hold Ms. Sweeney accountable for this."  *Id.*  Plaintiffs, however,

8

present no evidence that Defendant Sweeney personally was involved in any attempt to induce Plaintiffs' doctors to disclose medical information or that she supervised or had managerial responsibility over a group of employees or agents who attempted to induce Plaintiff's doctors to disclose medical information. Moreover, as the Court has concluded, Defendants have presented undisputed evidence that Defendant Sweeney did not participate in the management or supervision of any of the adjusters responsible for handling the claims at issue in the Complaint.

Plaintiffs have failed to satisfy their summary judgment burden of pointing to specific facts showing that there is a genuine factual issue for trial. *Cf. Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Having considered the undisputed evidence presented by Defendants, the Court concludes that Defendants are entitled to judgment in their favor as a matter of law. The Court therefore dismisses the Complaint against Defendant Sweeney.[3]

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Defendants State Farm and Kris Sweeney's Motion to Dismiss all Claims Against Kris Sweeney [Doc. 3] is GRANTED.

Dated this 10th day of June, 2013.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

---

[3] The Court declines to consider Defendants' additional argument that Plaintiffs' claims against Defendant Sweeney for breach of contract, insurance bad faith, and breach of insurer's fiduciary duty under the covenant of good faith and fair dealing are not legally viable because these claims stem from the insurance contracts and Defendant Sweeney is not a party to the contracts. The Court already has determined that Defendants are entitled to summary judgment on Plaintiff's claims against Defendant Sweeney because the facts show that Defendant Sweeney played no role in the handling or supervision of Plaintiffs' medical payments coverage claims. The Court therefore need not and does not consider Defendants' additional legal arguments.